UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA,

        Plaintiff,

  - against -                    ORDER

NEW YORK CITY TRANSIT AUTHORITY, et ano,    CV 2004-4237 (SLT)(MDG)

        Defendants.

- - - - - - - - - - - - - - - - - - -X

This Order pertains to:

    ALL CASES.

03-CV-02139-SLT-MDG
04-CV-02294-SLT-MDG
04-CV-02331-SLT-MDG
05-CV-03341-SLT-MDG
05-CV-05477-SLT-MDG

- - - - - - - - - - - - - - - - - - -X

This order addresses various discovery disputes and issues raised in some or all the cases in these consolidated actions.

1. <u>Defendants' motion to compel plaintiff Stephanie Lewis to provide verified interrogatory answers (ct. doc. 45(L))</u>.[1] As discussed in an order dated January 12, 2005 (the "January 12 Order") (ct. doc. 61), the interrogatory responses that defendants sought from the plaintiffs in the <u>Small</u> action are equally relevant in the <u>Lewis</u> action. After initially claiming that the few interrogatories at issue were burdensome because responses were provided in depositions, counsel for plaintiff

---

[1] All references to electronically filed documents in the lead consolidated action (CV 04-4237) are denoted by "ct. doc." followed by the document number. Numbers for documents filed in the <u>Small</u> action (CV 03-2139) are followed by "(S)" and those filed in the <u>Lewis</u> action are followed by "(L)." The parties are reminded that all documents must be filed in the lead case and the entry spread to any other action involved.

Lewis belatedly provided responses which were not verified by the plaintiff. This Court agrees that defendants are entitled to the responses signed by plaintiff under oath. See Fed. R. Civ. P. 33(b); Morin v. Nationwide Federal Credit Union, 229 F.R.D. 364, 269 (D. Conn. 2005) (explaining that Rule 33(b)(1) specifies that interrogatories be answered under oath by the party while objections may be signed by counsel under Rule 33(b)(2)).

    2. Defendants' motion for sanctions against the Small plaintiffs for failure to provide interrogatory answers (ct. doc. 63). In the January 12 Order, this Court granted defendants' motion to compel the Small plaintiffs to respond to certain interrogatories. The Small plaintiffs provided responses to the interrogatories on February 17, 2006, one day after defendants filed their application to enforce the January 12 Order. See ct. doc. 64. However, the plaintiffs objected to Interrogatory 4, which sought details of any consultation with any religious scholar or advisor identified in their responses to Interrogatory 3. Both plaintiff Small and Alkebulan stated that they had consulted Iman Wahaj, but objected to providing further information in Interrogatory 4 on grounds of burdensomeness and because Iman Wahaj and each plaintiff had been previously deposed. See ct. doc. 97(S). Plaintiffs reiterated this objection in submitting an opposing letter to defendants' application, and argued that the answer to Interrogatory 4 should have been clear from the deposition of Iman Wahaj. See ct. doc. 97(S). Plaintiffs also contended that defendants did not attempt to resolve the dispute before filing the application to compel.

Inexplicably, plaintiffs' counsel then advised the Court in a letter dated February 27, 2006 that the answer to Interrogatory 3 is that plaintiffs had no consultation with Iman Wahaj. See ct. doc. 99(S). Plaintiffs subsequently served amended responses on March 16, 2006 with the changed answer to Interrogatory 3, which apparently obviated their need to provide a response to Interrogatory 4. See ct. doc. 105(S), 72.

Defendants originally sought dismissal of the Small action or, in the alternative, an order precluding the Small plaintiffs from offering testimony about whether a khimar with a logo is a reasonable accommodation. See ct. docs. 63, 66. After plaintiffs served their amended responses, defendants later requested either a "significant sanction" for the delay caused or preclusion.

Rule 37(b)(2) of the Federal Rules of Civil Procedure governs the sanctions that a court may impose for failure to comply with an order to provide discovery. The Rule provides, in pertinent part:

> If a party ... fails to obey an order to provide or permit discovery, ... the court in which the action is pending may make such orders in regard to the failure as are just, and among others the following: ...(C) An order ... dismissing the action or proceeding or any part thereof... In lieu of any of the foregoing orders or in addition thereto, the court shall require the party failing to obey the order or the attorney advising that party or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(b)(2)(C).

A district court has wide discretion in imposing sanctions under Rule 37(b)(2). See Daval Steel Prods. v. M/V Fakvedine, 951

F.2d 1357, 1365 (2d Cir. 1991). Although severe, it is within a court's discretion to strike pleadings and enter a default judgment, or to dismiss an action where the violations in question are willful. See, e.g., United States Freight Co. v. Penn Central Transp. Co., 716 F.2d 954, 954-55 (2d Cir. 1983). However, "preclusion of evidence and dismissal of [an] action are harsh remedies [that] should be imposed only in rare situations," Update Art, Inc. v. Modiin Publishing, Ltd., 843 F.2d 67, 71 (2d Cir. 1988), and the court should proceed cautiously before imposing such severe sanctions, see, e.g., Advanced Portfolio Tech., Inc. v. Advanced Portfolio Tech., Ltd., 1999 WL 64283, at *3 (S.D.N.Y. 1999). Among the factors courts consider in assessing whether preclusion is appropriate are the following: (1) the party's explanation for the failure to comply with the discovery order; (2) the importance of the testimony of the precluded witness [or of the precluded evidence]; (3) the prejudice suffered by the opposing party as a result of having to prepare to meet the new testimony [or evidence]; and (4) the possibility of a continuance. Reilly v. Natwest Markets Group Inc., 181 F.3d 253, 269 (2d Cir. 1999) (quoting Softel v. Dragon Medical and Scientific Communications, Inc., 118 F.3d 955, 961 (2d Cir. 1997)); see also Outley v. City of New York, 837 F.2d 587, 590-91 (2d Cir. 1988).

Although I do not condone plaintiffs' failure to comply with the January 12 Order promptly, I find that preclusion is not warranted. Plaintiffs' counsel has provided an explanation for some of the delay and this Court did not set a deadline for compliance. However disturbing plaintiffs' change in answers may

be, particularly in light of their initial statements in opposition to the defendants' application, defendants have not suffered any discernible prejudice, other than to be subject to further delay that has plagued this case and been embroiled in an unnecessary dispute in this oft contentious litigation.

However, lesser sanctions are warranted in light of the original unreasonable objection forwarded by the Small plaintiffs and then their change in position one month later. The record is not clear how much time elapsed between the time defendants' counsel left a message for plaintiffs' counsel and the filing of the application on February 16, 2006. Although Mr. Lonnie Hart, plaintiffs' counsel, claimed he was preoccupied with moving offices, the fact remains that this Court had directed in the January 12 Order, more than a month earlier, that responses be provided. Setting aside the troubling and unexplained change in the responses of the plaintiffs Small and Alkebulan to interrogatory 3, the Small plaintiffs provide no valid explanation for their initial objection to Interrogatory 4. Their claim that answers were found or could have been obtained in questioning during their depositions and the deposition of the Iman is not reasonable under the circumstances. The Federal Rules do not limit litigants in their choice of discovery devices, and plaintiffs were clearly directed to respond in the January 12 Order. At the very least, plaintiffs caused defendants to expend unnecessary effort in responding to plaintiffs' initial objections to Interrogatory 4 and then to plaintiffs' about-face in later submissions. This Court finds that the Small plaintiffs failed to

proceed in good faith to meet their discovery obligations and to comply with the January 12 Order.  <u>Cf</u>. <u>Palmieri v. Defaria</u>, 88 F.3d 136, 140 (2d. Cir. 1996) (court's inherent authority to manage affairs to achieve the orderly and expeditious disposition of cases includes power to dismiss for failure to prosecute). These plaintiffs and their attorneys are jointly sanctioned $250, representing fees for defendants' need to respond to plaintiffs' submissions and initial objections to Interrogatory 4.

Last, Mr. Hart seeks "clarification" of my prior ruling regarding the scope of re-examination of the plaintiffs.  This issue was discussed on the record at the January 13, 2006 conference and general guidelines provided.  Insofar as he is seeking reconsideration to limit questioning to the four interrogatories, that request is denied.

3. <u>Defendants' motion for a protective order (ct. doc. 69)</u>. Defendants seek to preclude the depositions of Paul Fleuranges and Harry Berkowitz, claiming that the depositions would be redundant and burdensome for these high officials of the NYCTA.  After having reviewed the submissions, I find the United States is entitled to depose both officials for up to two hours each.  It is precisely because of their positions that the depositions of these individuals may yield relevant, and not merely cumulative, testimony.  I also find that the subpoenas are valid as signed.

4. <u>Extension of Discovery</u>.  After reviewing the submissions, this Court extends fact discovery to May 31, 2006.  Given the extent of discovery that needs to be completed and the pace of discovery generally in this case, I find a general extension is

warranted and thus allow any discovery request served by April 10, 2006 to be completed, including the requests of plaintiff Lewis that defendants rejected as being belatedly served less than 30 days before the last deadline.

CONCLUSION

For the foregoing reasons and to the extent set forth above, it is ordered as follows:

1. Defendants' application to compel plaintiff Lewis to provide verified interrogatory answers is granted and plaintiffs must provide the verifications by April 28, 2006.

2. Defendants' application for sanctions against the Small plaintiffs with respect to their belated interrogatory responses is granted and the Small plaintiffs and their counsel are jointly sanctioned $250, payable to defendants by April 28, 2006.

3. Defendants' motion for a protective order is denied.

4. Fact discovery is extended to May 31, 2006, but only for completion or enforcement of discovery requests propounded by April 10, 2006.

**SO ORDERED.**

Dated: Brooklyn, New York
April 19, 2006

/s/
MARILYN D. GO
UNITED STATES MAGISTRATE JUDGE