UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA,

                      Plaintiff,

                                       ORDER

    - against -

                                   CV 2004-4237 (SLT)(MDG)

NEW YORK METROPOLITAN TRANSPORTATION
AUTHORITY, et al.,

                      Defendants.

- - - - - - - - - - - - - - - - - - - -X

This Order pertains to:

    STEPHANIE LEWIS v. NEW YORK CITY    04-CV-02331-SLT-MDG
    TRANSIT AUTHORITY, et al.,

- - - - - - - - - - - - - - - - - - - -X

This order addresses the disputes regarding the amount of fees each party must pay the other party's expert for testifying at depositions. See letters dated November 1, 2006 (ct. doc. 120)[1] and November 7, 2006 (ct. doc. 124) of Rhonda J. Moll; letters dated November 6, 2006 (ct. doc. 122) and November 10, 2006 (ct. doc. 125) of Omar T. Mohammedi.

## DISCUSSION

As the parties acknowledge, they are liable to pay the opposing expert deposed a "reasonable fee for time spent in responding to discovery ...." Fed. R. Civ. P. 26(b)(4). Among

---

[1] All citations to court document numbers are to the filings in the lead case (04-CV-4237).

the factors courts consider in determining the "reasonableness" of a fee are: the witness's area of expertise; the education and training required for the expert insight sought; the prevailing rates for other comparably respected available experts; the nature, quality and complexity of the discovery responses provided; the cost of living in the particular geographic area; the fee being charged by the expert to the party who retained him; the fees charged by the expert in similar matters; and any other factor likely to be of assistance to the court in balancing the interests implicated by Rule 26. See Adams v. Memorial Sloan Kettering Cancer Ctr., No. 00 Civ. 9377 (SHS), 2002 WL 1401979, at *1 (S.D.N.Y. June 28, 2002); see also Coleman v. Dydula, 190 F.R.D. 320, 324 (W.D.N.Y. 1999); Magee v. Paul Revere Life Ins. Co., 172 F.R.D. 627, 645 (E.D.N.Y. 1997). The party seeking reimbursement bears the burden of demonstrating the reasonableness of the expert fee sought. See Carafino v. Forester, No. 03 Civ. 6258 (PKL)(DF), 2005 WL 1020892, at *1 (S.D.N.Y. Apr. 29, 2005) (citation omitted). Where a party fails to meet its burden, the court may exercise its discretion to determine a reasonable fee. See Mannarino v. United States, 218 F.R.D. 372, 374 (E.D.N.Y. 2003) (quoting New York v. Solvent Chem. Co., Inc., 210 F.R.D. 462, 468 (W.D.N.Y. 2002)).

Both sides seek compensation at a rate of $400 per hour for their experts and oppose that rate sought by the other side. After examining the curricula vitae and expert reports of Dr. Reich and Dr. Goldstein, I find both experts well qualified in their fields. Defendants' expert, Dr. Robert L. Goldstein ("Dr.

Goldstein"), is a board certified psychiatrist who graduated from Chicago Medical School in 1965.  In addition to maintaining a private practice since 1970, Dr. Goldstein has held several teaching positions, most recently as a Clinical Professor of Psychiatry at Columbia University's College of Physicians and Surgeons.  Dr. Goldstein has also authored over 80 publications in leading professional journals and authoritative texts and has extensive experience testifying as an expert witness.  See ct. doc. 120, Ex. 9.

Plaintiff's expert, Stephen Reich, Ph.D. ("Dr. Reich"), is a licensed psychologist who received his doctorate in clinical psychology from Fordham University in 1972.  Besides having a private practice since 1974, he has been an Assistant Attending Psychologist at the Payne Whitney Psychiatric Clinic of New York Presbyterian Hospital since 1972.  In addition, Dr. Reich has held teaching positions since 1972, most recently as an Adjunct Assistant Professor of Psychology at Cornell University Medical College.  Dr. Reich has extensive experience testifying as an expert witness.  See ct. doc. 122, Ex. 5.

Plaintiff argues that Dr. Goldstein should be compensated at the same $250 per hour rate that he charges defendant NYCTA, particularly since her counsel did not anticipate that Dr. Goldstein would seek compensation at a higher rate.  Ct. doc. 122.  However, the rate schedule that plaintiff received clearly stated that the $250 per hour rate was the "Fee Schedule for Government Agencies."  Ct. doc. 122, Ex. 1 (emphasis added). Irrespective of whether plaintiff expected to pay a lower rate,

-3-

the amount of fees an expert charges to the party who retained him is but one of several factors discussed above in determining the reasonableness of an expert's fee. See Garnier v. Illinois Tool Works, Inc., No. 04 CV 1825 (NGG)(KAM), 2006 WL 1085080, at *2 (E.D.N.Y. Apr. 24, 2006) (the factors merely serve as a guide and no one factor is dispositive) (internal citation and quotation marks omitted); see also Magee, 172 F.R.D. at 646 (court weighed several factors, including expert's lower rate for the retaining party, before reducing the expert's requested hourly fee of $350 to $250).

Defendants argue that the requested rate is reasonable in light of the fact other courts have awarded Dr. Goldstein fees at a rate of $350 per hour in 2005 and $250 per hour in 1997. See Carafino, 2005 WL 1020892 at *1 ($350 hourly rate awarded subject to reconsideration upon submission of further documentation regarding Dr. Goldstein's credentials); Magee, 172 F.R.D. at 645 ($250 hourly rate awarded). However, the judge in Carafino did not address a dual rate structure and the judge in Magee, who did, reduced Dr. Goldstein's fee to the amount charged to the party retaining him. Notably, "courts most often reduce expert fee requests when the expert seeks to charge the opposing party a higher rate than the expert charges the retaining party." E.E.O.C. v. Johnson & Higgins, Inc., No. 93 Civ. 5481 (LBS)(AJP), 1999 WL 32909, at *4 (S.D.N.Y. Jan. 21, 1999) (citing cases). However, in the majority of those cases where the court reduced an expert's fee to the hourly rate charged to the retaining party, there was no explanation for the higher rate charged.

See, e.g., Ohuche v. British Airways, No. 97 Civ. 1853 (JSM)(RLE), 1998 WL 240481, at *1 (S.D.N.Y. May 11, 1998) (fee of expert reduced to the $250 an hour rate he charged the retaining party in the absence of explanation for higher rate charged the opposing party); Jochims v. Isuzu Motors, Ltd., 141 F.R.D. 493, 496-97 (S.D. Iowa 1992) (hourly rate of expert reduced to the amount charged retaining party where no evidence that the expert had ever charged or been paid the hourly rate sought, a rate double the amount charged the retaining party). In contrast, Dr. Goldstein apparently has charged the $400 per hour rate sought, albeit not to governmental entities.

After considering the foregoing factors, I find that $350 per hour is a reasonable rate for Dr. Goldstein's time at his deposition. See Garnier, 2006 WL 1085080 at *1 (expert psychiatrist's fee reduced from $450 per hour to $350 per hour for time reasonably expended preparing for and testifying at his deposition); see also Cotto v. Clark Investigations & Security Serv., Ltd., No. 03 Civ. 2878 (RMB)(DFE), 2003 WL 22852240 (S.D.N.Y. Dec. 1, 2003) ($400 per hour rate for deposing defendant's expert); Carafino, 2005 WL 1020892 at *2 (Dr. Goldstein's fee reduced from $500 per hour to $350 per hour for testifying at his deposition, subject to adjustment upon demonstration of the reasonableness of the requested rate of $500 per hour).

On the other hand, although Dr. Reich charged plaintiff the same rate sought by plaintiff's expert witness for his compensation, I find that plaintiff's proposed rate of $400 per

hour for her expert's time is unreasonable. Defendants' reliance on Mock v. Johnson, 218 F.R.D. 680 (D. Hawaii 2003), to support their position that $135 per hour is a reasonable fee for a psychologist is misplaced since the court in that case simply approved the billing rate sought by plaintiff's psychologist, who practiced in the state farthest away from New York as possible. This Court could not find any reported cases from this region regarding the appropriate fees to be awarded testifying psychologists. However, psychiatrists, unlike psychologists and other mental health experts, must undergo medical training besides specialized training in mental health issues. In addition, psychiatrists, who have earnings comparable to other doctors, generally earn far more than psychologists. See U.S. Department of Labor, Bureau of Labor Statistics, Occupational Employment and Wages, May 2006 (noting median annual wage for psychiatrists is $149,990 and for psychologists is $80,360) (http://stats.bls.gov/oes/current/oes291066.htm; http://stats.bls.gov/oes/current/oes193039.htm); see also Magee, 172 F.R.D. at 646 (noting that plaintiff's treating psychologist and expert psychiatrist charge $120 and $250 per hour, respectively). While the salary differential between these two professions may be narrower for those who engage in forensics, plaintiff has not presented any evidence other than Dr. Reich's customary billing rate to establish the prevailing rates for other expert psychologists with comparable qualifications.

Therefore, based on the totality of the information presented, I find that a reasonable fee for Dr. Reich's appearance at his deposition is $225 per hour.

Last, this Court denies Mr. Mohammedi's request for attorneys' fees for time spent responding to defendants' two letters to the Court in light of the result reached herein.

## CONCLUSION

For the foregoing reasons, I direct defendants to compensate Dr. Reich for his appearance at his deposition at a rate of $225 per hour and plaintiff to compensate Dr. Goldstein at a rate of $350 per hour.

**SO ORDERED.**

Dated:     Brooklyn, New York
           June 22, 2007

                                    _____/s/_____
                                    MARILYN D. GO
                                    UNITED STATES MAGISTRATE JUDGE